No. 17-2991

# UNITED STATES COURT OF APPEALS COURT
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| **THE CITY OF CHICAGO,**<br><br>      *Plaintiff-Appellee,*<br><br>v.<br><br>**JEFFERSON BEAUREGARD SESSIONS III,** Attorney General of the United States<br><br>      *Defendant-Appellant.* | Appeal from the United States District Court, Northern District of Illinois, Eastern Division<br><br>No. 17 CV 05720<br><br>The Honorable Harry D. Leinenweber, Judge Presiding |

## MOTION TO SUSPEND BRIEFING ON AND CONSIDERATION OF DEFENDANT-APPELLANT'S MOTION FOR PARTIAL STAY PENDING APPEAL

Chicago respectfully requests that this Court suspend briefing on and consideration of the motion for a stay pending appeal filed by Defendant-Appellant Attorney General Sessions on October 13, 2017 because this Court currently lacks jurisdiction over this appeal.

On September 15, the district court (Leinenweber, J.) entered a preliminary injunction against the Attorney General in this action, which was brought by the City of Chicago to enjoin three unlawful conditions the Attorney General has sought to impose on a federal formula grant. In its decision, the district court enjoined two of the conditions but declined to enjoin the third. On September 26, the Attorney General filed a notice of appeal and sought a partial stay of the injunction pending his appeal from the district court. On October 12, with the stay motion pending, Chicago received a letter from the Department of Justice, which among other things made statements regarding the third condition that were inconsistent with representations made by the Attorney General to the district court. On October 13, Chicago filed a motion in the district court for partial reconsideration under Fed. R. Civ. P. 59(e) of the district court's decision not to enjoin

the third condition, based on the new evidence contained in the letter. On the same day, the district court denied the Attorney General's request for a partial stay of the injunction as to the two enjoined conditions, and the Attorney General filed a motion for a partial stay in this Court.

Under the Federal Rules and this Court's cases, the filing of the motion for partial reconsideration suspended the operation of the notice of appeal in this case until the district court rules on the City's motion for partial reconsideration, leaving this Court without appellate jurisdiction during the pendency of that motion. Chicago accordingly requests that this Court suspend briefing on and consideration of the Attorney General's stay motion and hold the motion in abeyance until the district court resolves the City's motion for partial reconsideration. Chicago will respond on the merits to the Attorney General's stay motion by October 18, 2017, the response date ordered this morning by the Court, in the event that the Court does not so suspend briefing on the Attorney General's motion.

**BACKGROUND**

Chicago brought this action on August 7, 2017, challenging three conditions imposed by the Attorney General on federal funding pursuant to the Byrne JAG program, a formula grant program created by Congress to support local law enforcement priorities. *See* Compl. ¶¶ 36-42, D. Ct. Dkt. 1. Two of these conditions, the "notice" and "access" conditions, which required local governments to take various measures in aid of federal immigration enforcement efforts, were imposed for the first time on fiscal year 2017 Byrne JAG funding only weeks earlier. *Id.* ¶¶ 55-59. The other, the Section 1373 condition, which requires compliance with 8 U.S.C. § 1373, had purportedly applied to fiscal year 2016 funding as well. At the request of the Department of Justice, and without conceding the lawfulness of the Section 1373 condition, Chicago certified compliance with that condition in a letter to the Department on June 30, 2017. *Id.* ¶¶ 3-4, 44-54; *see also* Ex. A, Complaint, D. Ct. Dkt. 1-1 (Siskel Mem. to Office of Justice Programs, U.S. Dep't of Justice).

Chicago sought a preliminary injunction enjoining the imposition of all three conditions. On September 15, 2017, the district court granted a nationwide injunction against the Attorney General's new "notice" and "access" conditions, finding that these conditions were *ultra vires* because the Attorney General had no legal authority to impose them. *See* PI Op. at 11-19, 40-41, D. Ct. Dkt. 78. The district court also held, while expressing some reservations, that Chicago was not likely to succeed on the merits as to the Section 1373 condition. *See id.* at 20-35. Among other arguments, the district court rejected the City's contention that Section 1373 violates constitutional anti-commandeering principles. The district court held that "only affirmative demands on states constitute a violation of the Tenth Amendment." *Id.* at 35. And it noted that, as confirmed by the Attorney General's representations at oral argument, "[r]ead literally, Section 1373 imposes no affirmative obligation on local governments." *Id.* at 34.

On September 26, 2017, eleven days after the district court's decision, the Attorney General noticed an appeal, and moved in the district court for a partial stay pending appeal as to the preliminary injunction's nationwide effect. *See* Mot., D. Ct. Dkts. 80, 81. The District Court denied the stay motion on October 13, 2017, holding that the Attorney General was not likely to succeed in obtaining a stay from this Court, and setting forth in greater detail why the court believed that this case, in particular, merited a nationwide injunction as to the notice and access conditions. *See* Stay Op., D. Ct. Dkt. No. 98.

Meanwhile, on October 12, 2017, with the stay motion still pending before the district court, the Department of Justice sent Chicago a letter responding to Chicago's June 30 certification of compliance with 8 U.S.C. § 1373, and setting forth an expansive new interpretation of Section 1373 that differed from the positions the Attorney General had taken during the litigation of the preliminary injunction motion. *See* Reconsid. Mem. at 3-5, D. Ct. Dkt. 101; Holtzblatt Decl. Ex. A, D. Ct. Dkt. 103-1. Because the letter undermined the premises relied on by the district court in its

3

decision as to the Section 1373 condition, Chicago timely moved for partial reconsideration in the district court pursuant to Rule 59(e) of the Federal Rules the next day—*i.e.*, the same day as the district court's decision on the stay, and the Attorney General's filing of the stay motion in this Court. *See* Mot., D. Ct. Dkt. 99; Reconsid. Mem., D. Ct. Dkt. 101.

On the morning of October 16, this Court ordered Chicago to respond to the Attorney General's stay motion by October 18, 2017. Order, No. 17-2991 (7th Cir. Oct. 16, 2017). Also on October 16, 2017, Benna Ruth Solomon, Deputy Corporation Counsel for the City of Chicago Appeals Division, telephoned Daniel Tenny, an attorney for the Attorney General, to advise him that this motion would be filed today.

**ARGUMENT**

There is currently a timely pending motion for partial reconsideration in the district court, and a pending motion for a partial stay pending appeal in this Court. Because the filing of a timely motion for reconsideration in the district court leaves this Court without jurisdiction over this appeal until the district court resolves the motion, the proper course is for this Court to hold the stay motion (and any further briefing related to that motion) in abeyance while the district court decides the reconsideration motion.

When a notice of appeal is filed before a motion for reconsideration, "the notice becomes effective … when the order disposing of the [reconsideration motion] is entered." Fed. R. App. P. 4(a)(4)(B)(i). The notice of appeal—and thus, jurisdiction over the appeal itself—is "suspended" while the reconsideration motion is pending. *Katerinos v. U.S. Dep't of Treasury*, 368 F.3d 733, 737 (7th Cir. 2004) ("[T]his court lacks jurisdiction to entertain this appeal until the district court has ruled on [the reconsideration] motion"); *accord Florian v. Sequa Corp.*, 294 F.3d 828, 829 (7th Cir. 2002) ("Until then the appeal is suspended—dormant—unripe."); *United States v. Gargano*, 826 F.2d 610, 611 (7th Cir. 1987) (holding under the prior version of Appellate Rule 4(a)(4) that reconsideration motion

4

"deprived us of appellate jurisdiction"); *see also generally Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 59 (1982) ("[I]n order to prevent unnecessary appellate review, the district court was given express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed.").

A timely motion for reconsideration filed by any party suspends the effectiveness of the notice of appeal for all parties, "regardless of whether the motion was filed by a party other than the appellant or was directed to a part of the judgment not adverse to the appellant and, thus, distinct from the matters for which the appellant seeks review." *Haas v. Tulsa Police Dep't ex rel. Tulsa*, 58 F. App'x 429, 431 (10th Cir. 2003); *accord F.E.L. Publ'ns, Ltd. v. Catholic Bishop of Chicago*, 739 F.2d 284, 284-85 (7th Cir. 1984) (same); *U.S. for Use of Pippin v. J.R. Youngdale Constr. Co.*, 923 F.2d 146, 148 (9th Cir. 1991) ("If any party to the action files a Rule 59(e) motion, the time to file a notice of appeal is tolled for all parties."); *see also* Fed. R. App. P. 4(a) (covered motion by "*a* party" tolls "the time to file an appeal … *for all parties*" (emphasis added)).

When the filing of a motion for reconsideration has suspended a notice of appeal, this Court has held that it is a "mistake" to allow the appeal to proceed any further; rather "[b]riefing should [be] held in abeyance" until the district court rules. *Florian*, 294 F.3d at 829. That includes briefing and consideration of a motion for stay pending appeal, for "appellate jurisdiction over the underlying appeal" is a "prerequisite for consideration of a motion for stay pending appeal." *Ammi v. Holder*, 326 F. App'x 483, 484 (10th Cir. 2009) (unpublished decision); *accord Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 756-757 (10th Cir.1993); *Parham v. Cmty. Coll. of Aurora*, 198 F.3d 258 (10th Cir. 1999) (unpublished decision).

Here, Chicago timely moved for partial reconsideration under Rule 59 on October 13, 2017. The motion was necessitated by the receipt of a letter from the Department of Justice the day before, and could not have been filed any earlier. In light of the timely filing of a Rule 59 motion,

5

the proper course is to hold briefing on the pending stay motion "in abeyance," toll the period for a response to the motion, and resume after the resolution of the Rule 59 motion by the district court. *E.g.*, *Florian*, 294 F.3d at 829.[1]

This morning, the Court ordered Chicago to respond on the merits to the stay motion by October 18. Chicago will file a merits opposition to the Attorney General's stay motion within the time ordered by the Court, unless the Court grants this motion to suspend briefing on and consideration of the motion to stay. However, Chicago respectfully requests that the Court issue a further order suspending briefing on the merits of the stay motion, and providing that Chicago may file its opposition two days after the district court decides the pending Rule 59 motion for reconsideration, or at any other time certain after the district court's resolution of the reconsideration motion that this Court deems proper.

October 16, 2017

Respectfully Submitted,

EDWARD N. SISKEL
Corporation Counsel of the City of Chicago

By /s/ Justin A. Houppert

| | |
|---|---|
| JAMIE S. GORELICK | JUSTIN A. HOUPPERT |
| DAVID W. OGDEN | Assistant Corporation Counsel |
| ARI HOLTZBLATT | BENNA RUTH SOLOMON |
| ARI SAVITZKY | Deputy Corporation Counsel |
| MOLLY JENNINGS | ANDREW W. WORSECK |
| TIFFANY WRIGHT | Chief Assistant Corporation Counsel |
| BRIDGET FAHEY* | SCOTT D. SPEARS |
| WILMER CUTLER PICKERING HALE | Assistant Corporation Counsel |
|    AND DORR LLP | 30 N. LaSalle Street, Suite 800 |
| 1875 Pennsylvania Avenue NW | Chicago, IL 60602 |
| Washington, DC 20006 | (312) 744-0468 |

---

[1] While equitable concerns regarding timeliness and the need for expedition are irrelevant because this Court altogether lacks appellate jurisdiction until the resolution of the Rule 59 motion, to the extent that they are relevant, the Attorney General *opposed* expediting these proceedings earlier in the litigation, when it suited him. *See, e.g.*, Stay Op. at 16, D. Ct. Dkt. 98. This Court should not entertain contrary arguments from him now.

(202) 663-6000

DEBO P. ADEGBILE
ADRIEL I. CEPEDA-DERIEUX
WILMER CUTLER PICKERING HALE
   AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

*Admitted to practice only in Colorado. Supervised by members of the firm who are members of the District of Columbia Bar*

justin.houppert@cityofchicago.org
benna.solomon@cityofchicago.org

RONALD S. SAFER
MATTHEW C. CROWL
NICK KAHLON
LAURA KLEINMAN
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 West Madison Street, Suite 2900
Chicago, IL 60602
(312) 471-8700

*Attorneys for the City of Chicago*

# CERTIFICATE OF SERVICE

On the 16th day of October, 2017, I electronically filed the foregoing brief using the Court's CM/ECF system. Counsel for all parties are registered CM/ECF users and will be served by that system.

/s/ Justin A. Houppert
JUSTIN A. HOUPPERT

# DECLARATION

I, BENNA RUTH SOLOMON, state that I am Deputy Corporation Counsel for the Appeals Division of the City of Chicago Law Department, with supervisory responsibilities for all appellate litigation involving the City, and, as such, have knowledge of the following:

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the representation in this motion concerning my telephone conversation with Daniel Tenny is true and correct.

Executed October 16, 2017.

                                                            s/ Benna Ruth Solomon  
                                                          BENNA RUTH SOLOMON, Attorney